# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA CHRISTOPHER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MOTZ, *et al.*,<br><br>　　　　Defendants. | Case No.  1:25-cv-00566-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff Victoria Christopher ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on May 13, 2025, together with a motion to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)

　　　　Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Christopher v. Clark*, Case

The Court has reviewed Plaintiff's complaint and finds that her allegations do not satisfy the imminent danger exception to section 1915(g).[2] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007). In the complaint, Plaintiff alleges that on an unspecified date, she was strip searched even though the officer knew he would find nothing, placed in a holding cell overnight after asking for a citizen's complaint form, moved to another yard, and had an officer steal nearly all of her personal property while packing it for the move. (ECF No. 1.) Plaintiff also alleges that she has complained about harassment by the same officers, who use searches and bed moves as a means to harass her. (*Id.*)

Based on the allegations in the complaint, Plaintiff has failed to allege that she was in any imminent danger of serious physical injury at the time the complaint was filed. "[I]n order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).

Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $405.00 filing fee if she wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ORDERED to pay the $405.00 initial filing fee in full to proceed with this action.

* * *

---

No. 1:11-cv-02098-JLT (E.D. Cal.) (dismissed on April 10, 2012 for failure to file an amended complaint following a screening order dismissing complaint for failure to state a claim); (2) *Christopher v. Cal. Dep't of Corrs. & Rehab.*, Case No. 1:11-cv-02096-MJS (E.D. Cal.) (dismissed on May 4, 2012 for failure to state a claim); (3) *Christopher v. Ashworth*, Case No. 1:11-cv-02097-DLB (E.D. Cal.) (dismissed on May 6, 2013 for failure to file an amended complaint following a screening order dismissing complaint for failure to state a claim).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

2

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by CM/ECF document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 14, 2025**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

3