# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA CHRISTOPHER,<br><br>  Plaintiff,<br><br>  v.<br><br>MOTZ, *et al.*,<br><br>  Defendants. | Case No. 1:25-cv-00566 JLT BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DIRECTING PLAINTIFF TO PAY THE FILING FEE WITHIN 30 DAYS<br><br>(Docs. 2, 6) |

Victoria Christopher is a state prisoner and seeks leave to proceed *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 2.) The assigned magistrate judge found Plaintiff is subject to the three strikes bar of 28 U.S.C. § 1915(g), after identifying three actions that the Court dismissed prior to the filing of this action. (Doc. 6 at 1-2.) The magistrate judge also determined Plaintiff did not allege facts in the complaint supporting a conclusion that she was in imminent danger, as required to qualify for the exception to Section 1915(g). (*Id.* at 2.) Therefore, the magistrate judge recommended the Court deny Plaintiff's motion to proceed *in forma pauperis* and direct her to pay the filing fee. (*Id.*)

Plaintiff timely filed objections to the Findings and Recommendations. (Doc. 9.) She asserts that because she is incarcerated, she is unable to provide for herself and unable to pay the filing fee. (Doc. 9 at 1.) Plaintiff contends that she has "never brought anything before this court that was frivolous, malicious, or lacking a claim." (*Id.* at 4.) She also asserts that she is suffering

from "mental, emotional, and spiritual wrongs and abuses," which are "[t]he leading cause of suicide." (*Id.* at 1-2.) Plaintiff argues, "It is unreasonable and irrational to [find] that mental, emotional, and spiritual abuse cannot result in imminent physical harm and danger." (*Id.* at 2, cleaned up.) She maintains that the strip search, the basis of claims raised in the complaint (Doc. 1 at 3), shows that she is in imminent danger and suffers harassment from the CDCR employees. (*Id.* at 2-3.)

Plaintiff's objections do not undermine the findings of the magistrate judge. Plaintiff's assertion that she did not file any actions that were "lacking a claim," is contradicted by the Court's records. As the magistrate judge observed, the Court found Plaintiff to state cognizable claims in the following actions: (1) *Christopher v. Clark*, Case No. 1:11-cv-02098-JLT (E.D. Cal.) (dismissed on April 10, 2012); (2) *Christopher v. Cal. Dep't of Corrs. & Rehab.*, Case No. 1:11-cv-02096-MJS (E.D. Cal.) (dismissed on May 4, 2012); and (3) *Christopher v. Ashworth*, Case No. 1:11-cv-02097-DLB (E.D. Cal.) (dismissed on May 6, 2013). Plaintiff does not show the dismissals in these actions—each following findings that Plaintiff failed to state a cognizable claim—do not qualify as strikes under Section 1915(g). *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017).

In addition, Plaintiff fails to show that she is in imminent danger of physical harm based upon the allegations in the complaint or made in the objections. "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet her burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998). While Plaintiff alleges that emotional, mental, and spiritual abuses such as those she has suffered can be physically detrimental, at no point does Plaintiff allege that she is in imminent danger of suffering from such physical harm. Her allegations of past events do not show a pattern of misconduct, and do not support a finding that Plaintiff was at risk of a serious physical injury at

the time the complaint was filed.

According to 28 U.S.C. § 636(b)(1), this Court conducted a de novo review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations to be supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on May 15, 2025 (Doc. 6) are **ADOPTED** in full.
2. Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is **DENIED**.
3. Within 30 days following the date of service of this order, Plaintiff **SHALL** pay the $405.00 filing fee in full to proceed with this action.

<u>Failure to pay the required filing fee as ordered will result in the dismissal of this action without prejudice</u>.

IT IS SO ORDERED.

Dated:   **June 12, 2025**

UNITED STATES DISTRICT JUDGE