# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA CHRISTOPHER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MOTZ, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:25-cv-00566-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 14)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Victoria Christopher ("Plaintiff) is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  On March 10, 2026, the Court screened Plaintiff's complaint and granted her leave to amend.  (ECF No. 13.)  Plaintiff's first amended complaint, filed on March 30, 2026, is currently before the Court for screening.  (ECF No. 14.)

## I.　　Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations[1]

Plaintiff is currently housed at the Central California Women's Facility in Chowchilla, California, where the events in the complaint are alleged to have occurred.  Plaintiff names the following defendants: (1) Michael Motz, ISU Sergeant; (2) Jonathan Cuske, Acting Captain (Lieutenant); and (3) Steven Rodriguez, Captain.

In Claim I, Plaintiff asserts violations of the First, Fourth, Eighth, and Fourteenth Amendments.  Plaintiff argues that the doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Plaintiff alleges that Lieutenant Cuske had her stripped out coming in through the mainyard gate. This location is on the opposite side of the prison from work exchange.  Plaintiff claims that not one person, before or after her, was subjected to any type of search.  Plaintiff contends that this search was obviously done illegally and for the purpose of annoyance and offense, qualifying this as a sexual harassment and a violation of her Fourth Amendment right.  Plaintiff alleges that to

---

[1] For ease of understanding, the Court omits from the summary of Plaintiff's allegations a recitation of the cited Department of Operational Manual (DOM) sections, Title 15 regulations, and case law.

confirm, she asked Defendant Cuske on the C-program AVSS that she be requested she be pulled in grievance log #615874 what he thought he would find. He boldly answered that essentially he did it because he could although he knew that he would find nothing. Plaintiff additionally argues that a constitutional right is clearly established for qualified immunity purposes if the official had fair notice that his conduct was unlawful but still engaged in it. Plaintiff asserts that the established statutes that gave this lieutenant fair notice that his conduct was unlawful and violating her constitutional rights are: Department of Operational Manual (DOM) section 52050.14. and 52050.16. Plaintiff also claims "reasonable suspicion statutes" that these methods for accomplishment that he is ordered and trusted well enough to train and supervise subordinates in do not include Plaintiff's body unless she is committing a crime, which he acknowledged he was well aware that she had not. Plaintiff argues that a clothed body search may be initiated when there is reasonable suspicion based on articulated facts, circumstances, and rational inferences that a person has committed, is committing, or about to commit a crime. Plaintiff claims that this is such common sense that any rule stating that Plaintiff should be made to get naked for entertainment purposes or harassment purposes is so absurd that it is unconstitutional especially to a rape victim. Plaintiff contends that this would and did qualify as torture, cruel and unusual, as well a constitutional right to her own body. Plaintiff alleges that this lieutenant, as well as every other staff member, made an oath to not partake in such behaviors.

Plaintiff asked for a Citizen's Complaint form. Lieutenant Cuske and Sergeant Motz refused to give her one. Lieutenant Cuske allegedly told Captain Rodriguez that Plaintiff was asking for one and Captain Rodriguez had Plaintiff placed in a holding cell, where she was kept overnight for over 24 hours, with no water or restroom, until 10 a.m. the following morning when she was finally given a Citizen's Complaint form and allowed to see mental health. Plaintiff claims that all this can be viewed on the C-program AVSS that she requested be pulled for grievance log #615874. While being held in the cage, Captain Rodriguez put in a bed move to another yard that went through around 10 a.m., 24 hours prior to Plaintiff being released from the holding cage.

Plaintiff alleges that Sergeant Motz personally wanted to pack her property (which is

3

abnormal for a Sergeant, housing staff usually do that).  He stole nearly all of Plaintiff's personal property that she purchased, has receipts for, and is allowed to have.  Plaintiff alleges that none of her stuff was altered.  She contends that, at the very least, she has the right to send her personal property if she cannot have it.  She argues that the established statutes that all 3 of these supervisors are required to know well enough to train their subordinates in, that gave them fair notice that their conduct was unlawful and in violation of Plaintiff's constitutional rights are DOM section 54100.1, 54100.2., and Title 15 section 3481.  Plaintiff contends that these statutes protect her First Amendment rights.  Plaintiff also contends that "[t]here are so many more, and they are so clearly established that not only did Cuske, Captain Rodriguez, and Motz have fair notice that his conduct was unlawful but still engaged in it, they did so maliciously."  (ECF No. 14 at 9.)

In Plaintiff's case, she asked to get through the mainyard gate on the way back from physical therapy (due to an injury created by staff supervised Cuske).  Plaintiff was attacked with an illegal strip search which qualifies as sexual harassment.  Plaintiff then asked for a Citizen's Complaint form, as is her right, and was attacked and retaliated against again.  Plaintiff asserts that each and every one of these supervisor officers took an oath to protect the weak or eliminate practices which are unnecessary or may impede the accomplishment of correctional goals.  Plaintiff claims that they all had an obvious and deliberate indifference to the U.S. Constitution and their own established statutes, including their oath to not do so on or off duty.

Plaintiff contends that in violating her First Amendment constitutional rights, they also violated the Fourteenth Amendment.  She claims that for sure Motz and Cuske did.  Sergeant Motz personally wanted to pack her property in order to steal it and he did.  Plaintiff claims that the clearly established statute that gave fair notice that his conduct was unlawful, besides the Fourteenth Amendment, is the statute he is required to know well enough to train subordinates in, Title 15, section 3190 and section 3191.  Plaintiff claims that she showed Defendant Cuske well over 25 pages of receipts pursuant to Title 15, section 3191(b).  She again claims that Sergent Motz wanted to pack up her property himself in order to steal her stuff, and he did.

Plaintiff additionally alleges that forcing her to strip naked without reasonable suspicion,

placing her in 7'4'2' cage for over 24 hours, and stealing nearly all of her property is very shocking to the conscience.  Plaintiff claims that "[t]hey knew they were wrong and acting illegally and their own policy that they are required to know and took an oath to uphold is proof of that."  (ECF No. 14 at 14.)

In Claim II, Plaintiff asserts violations of the Eighth, Ninth, and Fourteenth Amendments.  Plaintiff alleges that she has already been complaining about being harassed by Defendant Motz, who even lied on her to give her a case.  She also alleges that Lieutenant Cuske will go against his morals to create a Greenwall effect and "good ol' boys" vibe to harass inmates (Plaintiff personally) and even Captain Rodriguez, who allows and does the same thing.  (ECF No. 14 at 4.)  Plaintiff contends that they use searches and bed moves as a means to harass.  Prior to this, they moved her 3 times in one month.  Plaintiff alleges that she is a poly programmer, "so should not be being antagonized at all."  (*Id.* at 15.)

As relief, Plaintiff asserts that she is exiled from society, and wants to be left alone and free from harassment and antagonizations while she programs and deals with all of her issues, dealing with that alone.  She further asserts that she was violated, degraded, humiliated, tortured, and robbed as a woman and person.  She seeks punitive damages.

**III.   Discussion**

**A.   Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is short, but it is not a plain statement of her claims.  Plaintiff's allegations are disjointed, and the Court is unable to clearly determine what happened, when it

happened, and how the named defendants are alleged to have violated her rights.  Plaintiff's reliance on conclusory statements, citations to the DOM, Title 15 and case law, is not sufficient. Rather, Plaintiff must specify what each named defendant did or did not do that resulted in a violation of her rights.

**B.  Fourth Amendment - Search**

The Ninth Circuit has held that prisoners retain rights to bodily privacy under the Fourth Amendment.  *Bull v. City & Cty. of San Francisco*, 595 F.3d 964, 974–75 (9th Cir. 2010). However, strip searches do not per se violate prisoners' Fourth Amendment rights.  *See id.* at 974. Rather, a strip search is unreasonable under the Fourth Amendment where it is "'excessive, vindictive, harassing, or unrelated to any legitimate penological interest.'"  *Thompson v. Souza*, 111 F.3d 694, 700 (9th Cir. 1997) (quoting *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988)).  "Whether a search is reasonable under the Fourth Amendment requires a case-by-case 'balancing of the need for the particular search against the invasion of personal rights that the search entails . . . .'" *Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1141 (9th Cir. 2011) (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)).  In reviewing such a claim, the Court must consider "'the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place which it is conducted.'" *Thompson,* 111 F.3d at 700 (quoting *Bell*, supra).

Plaintiff alleges that Defendant Cuske had her "stripped out coming in through the mainyard gate" and that he did it because he could.  (ECF No. 14 at 3, 4.)  Plaintiff does not state a cognizable claim against Defendant Cuske because the limited allegations concerning the apparent search are insufficient to state a cognizable claim.  The amended complaint fails to include necessary factual allegations regarding who conducted the search, the scope of such search, the manner in which was conducted, and the place where it was conducted.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure this deficiency.

**C.  Eighth Amendment**

    1.  Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer*, 511 U.S. at 832; *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ." *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834. Second, subjectively, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson*, 217 F.3d at 731.

Temporary placement in administrative segregation or a holding cell has been found not to rise to the level of a constitutional violation. *See Stafford v. Doss*, No. 2:16-CV-1403-JAM-DMC, 2021 WL 3563490, at *12 (E.D. Cal. Aug. 12, 2021) (four hours in temporary holding cell did not rise to level of Eighth Amendment violation), report and recommendation adopted, 2021 WL 4356036 (E.D. Cal. Sept. 24, 2021); *see also Anderson*, 45 F.3d 1310, as amended, 75 F.3d 448 (9th Cir. 1995) (placement in administrative segregation for "most of the day" did not satisfy objective prong of Eighth Amendment).

Plaintiff fails to state a conditions of confinement claim. Plaintiff alleges that she was placed in a holding cage overnight. Plaintiff has not alleged a serious condition violative of the Eighth Amendment by this temporary placement. *Anderson*, 45 F.3d at 1315 (no constitutional violation for placement in safety cages where plaintiffs had not shown that sanitary limitations imposed upon them were more than temporary); *Chiprez v. Warden*, No.1:21-cv-00668-DAD-

7

BAM (PC), 2021 WL 3662390, at *3 (E.D. Cal. Aug. 18, 2021), report and recommendation adopted sub nom. *Chiprez v. Warden*, No. 1:21-cv-00668-DAD-BAM PC, 2021 WL 4192035 (E.D. Cal. Sept. 15, 2021), aff'd, No. 21-16588, 2022 WL 4298143 (9th Cir. Sept. 19, 2022) ("Temporary deprivations of sanitation, water, and shelter that last only a short amount of time and do not pose a serious threat of harm to the prisoner do not give rise to deprivations that are sufficiently serious to support an Eighth Amendment claim.").

### 2.   Harassment

To the extent Plaintiff seeks to impose liability against Defendant Motz or other defendants arising out of verbal harassment, she may not do so.  Allegations of verbal abuse or harassment fail to state a constitutional claim.  *See Oltarzewski v. Ruggiero,* 830 F.2d 136, 139 (9th Cir. 1987) (finding that "verbal harassment generally does not violate the Eighth Amendment"); *Gaut v. Sunn,* 810 F.2d 923, 925 (9th Cir. 1987) (holding that prisoner's allegations of threats allegedly made by guards failed to state a cause of action).  Plaintiff's complaint thus fails to state a cognizable claim based on verbal harassment.

### 3.   Sexual Harassment

Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) (citations omitted). However, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.' " *Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In evaluating a prisoner's claim, courts consider whether the officials acted with a sufficiently culpable state of mind and if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Wood*, 692 F.3d at 1046 (internal quotation marks and alterations omitted).

Here, Plaintiff has alleged that Defendant Cuske ordered that Plaintiff be stripped out.  As discussed above, the circumstances of such search are unclear.  However, Plaintiff does not allege that the search included any touching, and she therefore fails to state a cognizable Eighth Amendment claim for sexual harassment.  Claims alleging sexually inappropriate conduct that does not include touching have generally been found to be noncognizable under the Eighth

8

Amendment.  *See Palmer v. O'Connor*, No. 2:11-cv-2927 KJN P, 2013 WL 1326207, at *4 (E.D. Cal. Mar. 29, 2013).

### D.       Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's complaint fails to state a cognizable retaliation claim.  Plaintiff appears to suggest that following her request for a citizen's complaint form, Defendant Rodriguez placed her in a holding cell and requested a bed move, and Defendant Motz stole her property.  However, Plaintiff's amended complaint does not include allegations indicating that Defendants Motz and Rodriguez took any adverse action against her because of her request for a Citizen's Complaint form or any protected conduct.  Plaintiff also does not allege that any such action(s) by Defendant Motz or Rodriguez chilled the exercise of her First Amendment rights.  Plaintiff has failed to include factual allegations demonstrating that a named defendant(s) took an adverse action against her because of her protected conduct and that such action chilled her exercise of her First Amendment rights.

### E.  Ninth Amendment

Plaintiff again alleges violations of the Ninth Amendment. The Ninth Amendment provides that "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986) (citation omitted). While "[i]t has been argued that the ninth amendment protects

rights not enunciated in the first eight amendments[,] . . . the ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Id*. "Causes of action based on the Ninth Amendment fail to state a legal claim." *Williams v. Fresno Cty. Dep't of Soc. Servs.*, No. 1:21-cv-00596-DAD-SAB, 2021 WL 3033578, at *6 (E.D. Cal. July 19, 2021) (citing *Ralls v. Facebook*, 221 F.Supp.3d 1237, 1245 (W.D. Wash. 2016)). Plaintiff may not pursue a claim pursuant to the Ninth Amendment.

### F.  Fourteenth Amendment – Deprivation of Property

Insofar as Plaintiff also alleges that Sergeant Motz stole Plaintiff's personal property, these allegations also are not sufficient to support a cognizable claim.  Prisoners have a protected interest in their personal property.  *Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974).  An authorized, intentional deprivation of property is actionable under the Due Process Clause.  *See Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)); *Quick v. Jones,* 754 F.2d 1521, 1524 (9th Cir. 1985).  However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533.

Plaintiff alleges that her property was stolen by Defendant Motz.  As the alleged conduct was an unauthorized deprivation of property, due process is satisfied if there is a meaningful post-deprivation remedy available to Plaintiff.  *Hudson*, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law.  *Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95).  Therefore, Plaintiff fails to allege a cognizable due process claim for the alleged deprivation of her property.

### G.  Prison Policy Violations

To the extent defendants are alleged to have failed to comply with applicable prison regulations, rules, or policies, these deprivations do not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See*, *e.g.*, *Nible v. Fink*, 828 F. App'x. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th

Cir. 2009) (explaining all section 1983 claims must be premised on violation of federal constitutional right); *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (explaining state departmental regulations, like CDCR operations manual, do not establish a federal constitutional violation); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *4 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); *Tirado v. Santiago*, No. 1:22-cv-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

### IV.   Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in the first amended complaint.  Further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**

**number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 8, 2026**                  /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

12